**HORSE CAVE STATE BANK,**
Appellant,

v.

**NOLIN PRODUCTION CREDIT ASSO-
CIATION; David Meredith and Annelle
E. Meredith; George A. Davis and Luz
Doris Davis; the Federal Land Bank of
Louisville; Clyde Logsdon and Edna
Logsdon; and Harco Leasing Co., Inc.,
Appellees.**

Court of Appeals of Kentucky.

June 29, 1984.

James C. Ladd, Baird & Ladd, Munford-
ville, for appellant.

Robert B. Hensley, Horse Cave, for
David Meredith and Anelle E. Meredith;

George A. Davis and Luz Doris Davis; and
Clyde Logsdon and Edna Logsdon.

Dwight Preston, Elizabethtown, for No-
lin Production Credit Association.

Stephen R. Zollner, Louisville, for Feder-
al Land Bank of Louisville.

Before DUNN, GUDGEL and WHITE,
JJ.

GUDGEL, Judge:

This is an appeal from a judgment en-
tered by the Hart Circuit Court. The court
found that appellee Nolin Production Credit
Association (PCA) has a valid lien on the
proceeds from the forced sale of certain
personal property which is superior to ap-
pellant's lien on the same proceeds. Appel-
lant contends that the court erred by find-
ing that PCA has a valid lien because the
description of the covered collateral in its
financing statement is insufficient to satis-
fy the requirements of KRS 355.9–110 as
that statute was construed in *Mammoth
Cave Production Credit Association v.
York*, Ky., 429 S.W.2d 26 (1968). We disa-
gree with appellant's contention. There-
fore, we affirm.

The pertinent portion of PCA's financing
statement provides as follows:

"all farm machindry (sic), including but
not limited to tractor, plow and disc ...
plus all property similar to that listed
above which at any time may hereafter
be acquired by the debtor and replace-
ments of and additions to equipment and
other personal property above described
..."

KRS 355.9–110, the statute which must
be used to determine whether the quoted
description is sufficient, provides as fol-
lows:

For the purposes of this Article any
description of personal property or real
estate is sufficient whether or not it is
specific *if it reasonably identifies what
is described.* (Emphasis added.)

Thus, the issue before us is whether the description in PCA's financing statement reasonably identified the covered collateral. The court below was of the opinion that it did. We agree with the trial court.

Appellant's entire argument rests upon the decision in *Mammoth Cave Production Credit Association v. York, supra.* In that case, the description referred to "all farm equipment" and "all property similar to that listed above, which at any time may hereafter be acquired by the debtor." While acknowledging that the code liberalized the rules relating to descriptions to allow flexibility, the court concluded that a description must at least identify the covered collateral in a manner that permits it to be distinguished and separated from other property. Applying this principle, the court held that a description which covered "all farm equipment" was simply too vague to reasonably identify the collateral. Appellant argues, therefore, that, if the description "all farm equipment" in the *Mammoth Cave* case was too vague, then the description in this case, "all farm machinery including but not limited to tractor, plow and disc," is likewise too vague. We cannot agree.

As noted by the court in the *Mammoth Cave* case, the description "all farm equipment," without more, "covers everything but describes nothing." Here, however, PCA's description does not merely, state that it covers "all farm machinery" without more. Rather, the description includes the qualifying language "including but not limited to tractor, plow, and disc." The qualifying language gave appellant and other persons notice that PCA's financing statement was intended to cover any tractor, plow, and disc owned by the debtor as well as all similar farm machinery. In our opinion, such a description is sufficient to enable a creditor to reasonably identify the covered collateral. We hold, therefore, that the court did not err by finding that the description in PCA's financing statement complied with the requirements of KRS 355.9–110.

The judgment is affirmed.

All concur.